**FILED**

**JUNE 17, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 12:14 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Giovanna Meier | ) | Docket No.: 2015-02-0179 |
| Employee, | ) | |
| v. | ) | State File Number: 42423-2015 |
| Lowe's Home Centers, Inc. | ) | |
| Employer. | ) | |
| | ) | Judge Brian K. Addington |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED MEDICAL AND TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on June 8, 2016, on the Request for Expedited Hearing filed by the employee, Giovanna Meier, under Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Lowe's is responsible for payment of medical and temporary disability benefits. The central legal issue is whether Ms. Meier suffered an injury arising primarily out of and in the course and scope of her employment.[1] For the reasons set forth below, the Court finds Ms. Meier has not submitted sufficient evidence from which this Court could conclude she is likely to succeed at a hearing on the merits.

### History of Claim

Ms. Meier is a thirty-eight-year-old resident of Washington County, Tennessee. (T.R. 1 at 1.) She testified she works in customer service for Lowe's. On April 27, 2015, Ms. Meier moved concrete bags to a buggy. While doing so, she felt a pop in her left knee and a little back pain. Ms. Meier gave conflicting statements as to whether she experienced immediate pain, but during the evening of the accident, she took medication for pain. Ms. Meier did not report an injury to Lowe's that day.

The next day was Ms. Meier's scheduled day off. She noticed her leg was still sore

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

1

and swollen. Ms. Meier testified her knee was "huge," and she was unable to drive. She decided to go to the emergency room.[2] On her way there, she noticed a lengthy waiting time at the emergency room[3] and asked her husband to stop at the store to purchase bread. Ms. Meier entered the store alone. She testified she bent over to pick up a loaf of bread from a low shelf, and her knee pain worsened. Her husband, who observed her while waiting in the car, testified she did not bend her knees when she bent over, and he observed Ms. Meier grab her back. After paying for the bread, the couple went to the emergency room.[4]

There, Ms. Meier reported her pain started the day prior when she picked up a concrete bag. She added she suffered additional pain bending over in a store. The provider incorrectly recorded the store as Wal-Mart instead of a dollar store. (Ex. 4 at 4.) Although Ms. Meier denied any prior knee problems on direct and cross-examination, the emergency room medical record reflects Ms. Meier's prior issues with her right knee. *Id.* The providers at the emergency room diagnosed her with a strain and recommended follow-up with a primary care provider or specialist. *Id.* at 2, 5.

Ms. Meier returned to work on April 29, 2015, using crutches. She testified she did not report a work injury until a customer inquired about her knee and told her about workers' compensation. Once she reported the injury, Ms. Meier completed two incident reports dated April 29, 2015, and April 30, 2015. (Ex. 3.) The April 30, 2015 report indicates Ms. Meier did not seek medical treatment until 7:00 p.m. on April 28, 2015, after "shopping with her husband."

Ms. Meier testified she spoke to a Sedgwick[5] representative and thought Lowe's would provide medical treatment for her injury. Instead, she received a denial notice from Sedgwick, so she sought treatment on her own with a specialist.

Ms. Meier began treatment with Watauga Orthopedics on April 30, 2015. She related the incident at work to David Evans, PA-C but did not tell him about the incident at the dollar store. (Ex.4 at 11.) Later, she came under the care of Dr. Joseph Grant. Ms. Meier testified Dr. Grant did not find an injury to her knee. Instead, he referred her to Appalachian Orthopedics for a back injury. In his June 18, 2015, Dr. Grant opined Ms.

---

[2] Ms. Meier provided a statement that she went shopping with her husband that day. (Ex. 3 at 2.)

[3] Ms. Meier and her husband testified they obtained this information from a sign along the road that posts the emergency room waiting time.

[4] The Court notes an incident report filed by Ms. Meier reflects she did not immediately go to the emergency room. Instead, she went home, took two Advil, and went to the emergency room at 7:00 p.m. Ms. Meier also testified she delayed going to the emergency room because she had to pick up her daughter later in the day from school and returned home after picking up her daughter.

[5] Sedgwick administers Lowe's workers' compensation claims.

Meier suffered "PF Chondromalacia" and sciatic symptoms, and she would see her primary care provider for pain. *Id*. at 33-35.

Dr. Benjamin Knox first evaluated Ms. Meier on July 24, 2015, for thigh, leg, and low back pain. *Id.* at 76. Ms. Meier informed Dr. Knox only about the incident at Lowe's. *Id.* Following diagnostic testing, Dr. Knox determined Ms. Meier suffered foraminal stenosis at L5-S1, failed conservative treatment, and needed surgery. *Id*. at 87.

Dr. Knox completed an Accommodation Medical Assessment Form on August 14, 2015. *Id*. at 105. He noted Ms. Meier was impaired as of April 17, 2015, due to foraminal stenosis. *Id*. at 106-07.

Ms. Meier later had back surgery.[6] She testified that Dr. Knox has had her off work since he first saw her on July 24, 2015.[7] After her back surgery, Ms. Meier also had thyroid surgery that she testified was unrelated to her work. She testified she has had memory problems following that surgery.

Ms. Meier filed a Petition for Benefit Determination seeking medical and temporary disability benefits on June 16, 2015. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) After a Show Cause Hearing and Order dated February 25, 2016, Ms. Meier filed a Request for Expedited Hearing on March 10, 2016. (T.R. 4 and T.R. 3, respectively.) This Court heard the matter on April 21, 2016,[8] and on May 18, 2016.

At the May 18, 2016 Expedited Hearing, Ms. Meier asserted she injured her back on April 27, 2015, while moving cement bags. She did not initially realize she hurt her back because it was her knee that popped. Ms. Meier experienced additional pain the next day while shopping. She reported her injury, but Lowe's denied the claim. Her unauthorized physician determined she may have suffered a back injury and referred her to a specialist. Dr. Knox performed surgery. She worked for approximately two months after her injury, but she has not worked since. She requested medical and temporary disability benefits.

Lowe's argued Ms. Meier did not suffer an injury on April 27, 2015. It pointed out Ms. Meier initially alleged a left leg injury but now asserts she sustained no injury to her left leg and only her back. Lowe's contended Ms. Meier failed to provide medical causation for a back injury. It also questioned Ms. Meier's credibility given her various

---

[6] Ms. Meier did not submit the medical notes from the surgery.

[7] The last medical excuse dated February 19, 2016, excused Ms. Meier from work for six weeks. (Ex. 4, at 101.)

[8] After convening on April 21, 2016, the Court reset the matter due to issues with the medical records.

3

versions of events leading up to and following her alleged injury. Lowe's asserted Ms. Meier is not entitled to medical or temporary disability benefits.

## Findings of Facts and Conclusions of Law

As the injured worker seeking benefits, Ms. Meier has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). Ms. Meier need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). However, at an expedited hearing, she has the burden to come forward with sufficient evidence from which the trial court can determine that she is likely to prevail at a hearing on the merits. *Id.*

To be compensable, Ms. Meier must show her injury arose primarily out of and in the course and scope of her employment and that it is identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(13)(A) (2015). Ms. Meier must also show, to a reasonable degree of medical certainty, that the incident "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015).

Considering the evidence presented, Ms. Meier has not shown her injury arose primarily out of and in the course and scope of her employment, identifiable by time and place of occurrence. Ms. Meier initially asserted a left leg injury due to lifting cement bags. However, she now asserts she did not injure her left leg but instead suffered a low back injury. Ms. Meier did not discuss the bending incident at the dollar store with Dr. Knox, her back doctor. From the evidence presented at the hearing, one could conclude Ms. Meier injured her back at Lowe's as well as the dollar store, especially when her husband testified he observed her grab her back at the dollar store.

Also, Ms. Meier has not presented a medical causation statement. The Court could not locate a statement by Dr. Knox indicating that her work at Lowe's primarily caused her back injury, and Ms. Meier did not point one out to the Court. Ms. Meier relied on a notation from Dr. Knox that she suffered an "impairment that began in April 2015." However, Dr. Knox did not state that this impairment was primarily related to Ms. Meier's work. The Court also notes that Dr. Knox must consider all causes in making his causation assessment. So, before Dr. Knox could render an opinion on cause, he would need to know about the incident at the dollar store, which Ms. Meier has not related to him.

Because Ms. Meier has not presented sufficient evidence of medical causation of a work related injury, the remaining issue of temporary benefits is moot.

4

The Court finds Ms. Meier failed to come forward with sufficient evidence from which the Court could conclude she is likely to prevail at a hearing on the merits. Her request for medical and temporary benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Meier's claim against Lowe's and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for Initial (Scheduling) Hearing on September 2, 2016, at 3:30 p.m. Eastern.

**ENTERED this the 17ᵗʰ day of June, 2016.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Giovanna Meier;
2. Additional Medical Records: Dr. Benjamin Knox (For Identification Only);[9]
3. Two Incident Reports;
4. Collective Medical Records; and,
5. Pictures (For Identification Only).[10]

Technical record:[11]
1. Petition for Benefit Determination, June 16, 2015;
2. Dispute Certification Notice, filed October 12, 2015;
3. Requests for Expedited Hearing, February 26, 2016, and March 10, 2016;
4. Order on Show Cause Hearing, February 25, 2016;
5. Employer's Response to REH; and,
6. Case Law.

---

[9] The Court reserved ruling on this exhibit. The Court excludes these records as Ms. Meier filed them only the day before the hearing. The Court had previously rescheduled the hearing due to issues with medical records.

[10] The Court reserved ruling on this exhibit. The Court excludes these pictures because Ms. Meier did not present them to the other party until the day of the hearing, and they are not relevant to the issues in question.

[11] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 17th day of June, 2016.

| Name | Certified Mail | Via Email | Service Sent To: |
| --- | --- | --- | --- |
| Todd East, Esq. | | X | jennifer@eastorjefflaw.com |
| Jess Maples, Esq. | | X | jess.maples@leitnerfirm.com |

Penny Shrum, Clerk of Court
WC.CourtClerk@tn.gov